Rickey Ivie, Esq. (SBN 76864)
rivie@imwlaw.com
Marina Samson, Esq. (SBN 315024)
msamson@imwlaw.com
Ivie McNeill Wyatt Purcell & Diggs
A Professional Law Corporation
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Tel.: (213) 489-0028/Fax: (213) 489-0552

Attorneys for Defendant,
**COUNTY OF LOS ANGELES**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAY STEVENS, BRIANA ORTEGA, ELIJAH ORTEGA, MARIAH ORTEGA, and MARISSA ORTEGA,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, municipal entity; ADAM NELSON, an individual; SHAWN MERRICK, an individual; JUSTIN MASRI, an individual; RICHARD MENDOZA, an individual; and DOES 1-10 inclusive,<br><br>Defendants. | CASE NO.:  2:24-cv-06054-DSF-JC<br><br>*[Assigned to: Hon. Dale S. Fischer, United States District Judge;*<br>*Hon. Jacqueline Chooljian, United States Magistrate Judge]*<br><br>**DEFENDANT COUNTY OF LOS ANGELES' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:           June 7, 2024<br>Date of Removal:          July 19, 2024<br>First Amended complaint filed:    June 27, 2024<br>Second Amended complaint filed: December 17, 2024 |

Defendant COUNTY OF LOS ANGELES, ("Defendant"), a government entity, hereby answers Plaintiffs JAY STEVENS, BRIANA ORTEGA, ELIJAH ORTEGA, MARIAH ORTEGA, and MARISSA ORTEGA's ("Plaintiffs") Second Amended Complaint (hereinafter "Complaint") filed on December 17, 2024 [Dkt 34]. If an averment is not specifically admitted, it is hereby denied.

## VENUE AND JURISDICTION

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant resides in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

1. Answering paragraph 1 (under the header "Introduction"), Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 1 and on that basis denies the allegations.

2. Answering paragraph 2 (under the header "Introduction"), Defendant admits only and specifically that Defendant County of Los Angeles is a government agency located in Los Angeles and that the Los Angeles County Sheriff's Department ("LASD") operates under the purview of Los Angeles County. Unless explicitly admitted herein, Defendant denies generally and specifically each and every remaining allegation made in this paragraph.

3. Answering paragraph 3 (under the header "Introduction"), Defendant admits only and specifically that Adam Nelson, Shawn Merrick, Justin Masri and Richard Mendoza worked for LASD. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 3, and on that basis denies the allegations.

4. Answering paragraph 4 (under the heading "Introduction") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 4 and on that basis denies the allegations.

5. Answering paragraph 5 (under the heading "Introduction") and all subparts therein, Defendant denies the allegations.

6. Answering paragraph 6 (under the heading "Introduction") and all subparts therein, Defendant denies the allegations.

7. Answering paragraph 7 (under the heading "Introduction") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 7 and on that basis denies the allegations.

8. Answering paragraph 8 (under the heading "Introduction") and all subparts therein, Defendant denies the allegations.

9. Answering paragraph 9 (under the heading "Introduction") and all subparts therein, Defendant denies the allegations.

10. Answering paragraph 10 (under the heading "Introduction") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 10 and on that basis denies the allegations.

11. Answering paragraph 11 (under the heading "Introduction") and all subparts therein, Defendant denies the allegations.

12. Answering paragraph 12 (under the heading "Introduction") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 12 and on that basis denies the allegations.

13. Answering paragraph 13 (under the heading "Introduction") and all subparts therein, Defendant lacks sufficient information and belief upon which to

answer the allegations contained in paragraph 13 and on that basis denies the allegations.

14. Answering paragraph 14 (under the heading "Introduction") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 14 and on that basis denies the allegations.

15. Answering paragraph 15 (under the heading "Introduction") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 15 and on that basis denies the allegations.

16. Answering paragraph 16 (under the heading "Introduction") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 16 and on that basis denies the allegations.

17. Answering paragraph 17 (under the heading "Introduction") and all subparts therein, Defendant denies the allegations.

18. Answering paragraph 18 (under the heading "Introduction") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 18 and on that basis denies the allegations.

19. Answering paragraph 19 (under the heading "Introduction") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 19 and on that basis denies the allegations.

20. Answering paragraph 20 (under the heading "Introduction") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 20 and on that basis denies the

allegations.

21. Answering paragraph 21 (under the heading "Introduction") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 21 and on that basis denies the allegations.

22. Answering paragraph 22 (under the heading "Introduction") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 22 and on that basis denies the allegations.

23. Answering paragraph 23 (under the heading "Introduction") and all subparts therein, Defendant denies the allegations.

24. Answering paragraph 24 (under the heading "Introduction") and all subparts therein, Defendant denies the allegations.

25. Answering paragraph 25 (under the heading "Introduction") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 25 and on that basis denies the allegations.

26. Answering paragraph 26 (under the heading "Introduction") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the other allegations contained in paragraph 26 and on that basis denies the allegations.

27. Answering paragraph 27 (under the heading "Introduction") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 27 and on that basis denies the allegations.

28. Answering paragraph 28 (under the header "Introduction"), Defendant lacks sufficient information and belief upon which to answer the allegations contained

in the remainder of paragraph 28, and on that basis denies the allegations.

29. Answering paragraph 29 (under the heading "Introduction") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 29 and on that basis denies the allegations.

30. Answering paragraph 30 (under the heading "Introduction") and all subparts therein, Defendant denies that LASD department members used unreasonable force in this incident and admits that LASD department members must use force reasonable per *Graham v. Connor*, 490 U.S. 386 (1989). Defendant lacks sufficient information and belief upon which to answer the other allegations contained in paragraph 30 and on that basis denies the allegations.

31. Answering paragraph 31 (under the heading "Introduction") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 31 and on that basis denies the allegations.

32. Answering paragraph 32 (under the heading "Introduction") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 32 and on that basis denies the allegations.

33. Answering paragraph 33 (under the header "Introduction"), Defendant admits that the Court may have jurisdiction over this action. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 33, and on that basis denies the allegations.

34. Answering paragraph 34 (under the header "Introduction"), Defendant admits that the Court may have jurisdiction over this action. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 34, and on that basis denies the allegations.

35. Answering paragraph 35 (under the header "Introduction"), Defendant admits that the Court may have jurisdiction over this action. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 35, and on that basis denies the allegations.

36. Answering paragraph 36 (under the header "Introduction"), Defendant admits that the Court may have jurisdiction over this action. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 36, and on that basis denies the allegations.

37. Answering paragraph 37 (under the header "Jurisdiction and Venue"), Defendant admits that the Court may have jurisdiction over this action. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 37, and on that basis denies the allegations.

38. Answering paragraph 38 (under the header "Parties"), and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 38 and on that basis denies the allegations.

39. Answering paragraph 39 (under the header "Parties"), Defendant admits only and specifically that Defendant County of Los Angeles was and is a legal governmental entity and that LASD operates under the purview of Los Angeles County. Defendant lacks sufficient information and belief upon which to answer the remaining allegations in paragraph 39, and on that basis deny the remaining allegations.

40. Answering paragraph 40 (under the header "Parties"), Defendant admits only and specifically that Adam Nelson, Shawn Merrick, Justin Masri and Richard Mendoza worked for LASD. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 40, and on that basis denies the allegations.

41. Answering paragraph 41 (under the heading "First Cause of Action"), Defendant reincorporates the admissions and denials in the preceding paragraphs.

42. Answering paragraph 42 (under the heading "First Cause of Action"), Defendant denies the allegations.

43. Answering paragraph 43 (under the heading "First Cause of Action") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 43 and on that basis denies the allegations.

44. Answering paragraph 44 (under the heading "First Cause of Action") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 44 and on that basis denies the allegations.

45. Answering paragraph 45 (under the heading "First Cause of Action") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 45 and on that basis denies the allegations.

46. Answering paragraph 46 (under the heading "First Cause of Action") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 46 and on that basis denies the allegations.

47. Answering paragraph 47 (under the heading "First Cause of Action") and all subparts therein, admit only and specifically that Adam Nelson, Shawn Merrick, Justin Masri and Richard Mendoza worked for LASD and that LASD operates under the purview of Los Angeles County. Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 47 and on that basis denies the allegations.

48. Answering paragraph 48 (under the heading "First Cause of Action") and all subparts therein, Defendant denies that Defendant's actions deprived Plaintiffs of their constitutional rights by assaulting them. Defendant lacks sufficient information

and belief upon which to answer the allegations contained in paragraph 48 and on that basis denies the allegations.

49. Answering paragraph 49 (under the heading "First Cause of Action") and all subparts therein, Defendant denies the allegations as to Defendant. Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 45 and on that basis denies the allegations.

50. Answering paragraph 50 (under the heading "First Cause of Action") and all subparts therein, Defendant denies the allegations.

51. Answering paragraph 51 (under the heading "First Cause of Action") and all subparts therein, Defendant denies the allegations as to Defendant. Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 51 and on that basis denies the allegations.

52. Answering paragraph 52 (under the heading "First Cause of Action") and all subparts therein, Defendant denies the allegations.

53. Answering paragraph 53 (under the heading "First Cause of Action") and all subparts therein, Defendant denies the allegations as to Defendant. Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 53 and on that basis denies the allegations.

54. Answering paragraph 54 (under the heading "First Cause of Action") and all subparts therein, admit only and specifically that Adam Nelson, Shawn Merrick, Justin Masri and Richard Mendoza worked for LASD and that LASD operates under the purview of Los Angeles County. Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 54 and on that basis denies the allegations.

55. Answering paragraph 55 (under the heading "First Cause of Action") and all subparts therein, Defendant denies the allegations.

56. Answering paragraph 56 (under the heading "First Cause of Action") and

all subparts therein, admit only and specifically that Adam Nelson, Shawn Merrick, Justin Masri and Richard Mendoza worked for LASD and that LASD operates under the purview of Los Angeles County. Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 56 and on that basis denies the allegations.

57. Answering paragraph 57 (under the heading "First Cause of Action") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 57 and on that basis denies the allegations.

58. Answering paragraph 58 (under the heading "First Cause of Action") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 58 and on that basis denies the allegations.

59. Answering paragraph 59 (under the heading "First Cause of Action") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 59 and on that basis denies the allegations.

60. Answering paragraph 57 (under the heading "First Cause of Action") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 60 and on that basis denies the allegations.

61. Answering paragraph 61 (under the heading "First Cause of Action") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 61 and on that basis denies the allegations.

62. Answering paragraph 62 (under the heading "First Cause of Action") and all subparts therein, Defendant lacks sufficient information and belief upon which to

answer the allegations contained in paragraph 62 and on that basis denies the allegations.

63. Answering paragraph 63 (under the heading "First Cause of Action") and all subparts therein, Defendant denies the allegations.

64. Answering paragraph 64 (under the heading "First Cause of Action") and all subparts therein, Defendant denies the allegations.

65. Paragraph 65 (under the heading "First Cause of Action") is a legal statement to which no answer is required. To the extent paragraph 65 calls for a response, in answering paragraph 65 and all subparts therein, Defendant denies the allegations.

66. Answering paragraph 66 (under the heading "First Cause of Action") and all subparts therein, Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 66 and on that basis denies the allegations.

67. Answering paragraph 67 (under the heading "First Cause of Action") and all subparts therein, Defendant denies that Defendant "mentally, emotionally, and physically abused" Plaintiffs. Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 67 and on that basis denies the allegations.

## AFFIRMATIVE DEFENSES

Defendant pleads the following separate defenses. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper. As separate and affirmative defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Constitutional Rights)

1. Defendant denies that Plaintiffs have been deprived of any rights, privileges, or immunities guaranteed by the Constitution or laws of the United States or

by the Constitution or laws of the State of California, and therefore Defendant is immune from liability.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2.     Defendant alleges that Plaintiffs' action is barred by reason of conduct, as Plaintiffs' actions and inactions amount to and constitute a waiver of any right Plaintiffs may or might have had in reference to the matters and things alleged in the Complaint, or that such conduct otherwise estops Plaintiffs from recovery in this action, including but not limited to the doctrine or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

### (Immunity)

3.     Defendant County of Los Angeles and its agents or officers at all times relevant to this action acted reasonably and prudently under the circumstances. Defendant is immune from liability under the Federal Civil Rights Act because their conduct did not violate clearly established rights. Defendant is also immune from liability under the doctrine of Qualified Immunity.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

4.     Plaintiffs' claims are barred or limited to the extent Plaintiffs failed to mitigate Plaintiffs' injuries to damages, if there were any. Plaintiffs have failed to mitigate the damages if any, which Plaintiffs have sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiffs have failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injures and failed to take reasonable precautions to reduce any injuries and damages.

///

///

## FIFTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

5.　　At the time and place referred to in the Complaint and before such event, Plaintiffs knew, appreciated, and understood each and every risk involved in placing himself in the position which Plaintiffs then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury, lawful deprivation of rights, or death

## SIXTH AFFIRMATIVE DEFENSE

### (Bar to Punitive Damages)

6.　　Plaintiffs may not recover punitive damages against a governmental entity, or against governmental employees acting in their official capacity, under federal or state law. *City of Newport v. Fact Concerts, Inc.* 453 U.S. 247, 271 (1981); *Mitchell v. Dupnik,* 75 F.3d 517,527 (9th Cir. 1996). At no time and place mentioned in the Complaint, did Defendant act with deliberate indifference or malicious intent to deprive any person of any Constitutional or legal right, or cause of any other injury and, therefore, Defendant is immune from liability. Any claims for punitive damages are unconstitutional and invalid in that it violates the United States Constitution, including but not limited to the Due Process Clause of the Fifth and/or Fourteenth Amendments, as well as the Fifth, Sixth, Eighth, and/or Ninth Amendments.

## RESERVATION OF AFFIRMATIVE DEFENSES

7.　　Because Plaintiffs' Complaint is couched in vague and conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Defendant hereby reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, and/or to withdraw affirmative defenses as may be appropriate. The assertion of any of the foregoing is not intended and shall not be construed as any stipulation regarding any shifting of the burden of proof to Defendant regarding any of Plaintiffs' claims, or

elements thereof.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;
2. That Plaintiffs' take nothing by reason of this Complaint and that judgment be entered against Plaintiffs and in favor of Defendant;
3. That Defendant be awarded its costs, including but not limited to attorney fees allowable by law, incurred in defending this action;

That Defendant be granted such other and further relief as the court may deem just and proper.

DATED: December 31, 2024

**IVIE McNEILL WYATT PURCELL & DIGGS**

/s/ *Marina Samson*
Rickey Ivie, Esq.
Marina Samson, Esq.
Attorneys for Defendant
**COUNTY OF LOS ANGELES**

# DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury as to all of the facts properly triable by jury.

DATED: December 31, 2024

**IVIE McNEILL WYATT PURCELL & DIGGS**

/s/ *Marina Samson*
Rickey Ivie, Esq.
Marina Samson, Esq.
Attorneys for Defendant
**COUNTY OF LOS ANGELES**